# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NUNEZ, et al., | Case No. 1:14-cv-552-MCE-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| | **OBJECTIONS DUE: 7 DAYS** |
| CITY OF MODESTO, et al., | |
| Defendants. | |

## I. INTRODUCTION

This action was filed in April 2014, but no defendant has appeared. Plaintiffs have never filed any executed summonses or proof of service; thus, it appears the complaint was never served. Although the Court has ordered Plaintiffs to show cause why this action should not be recommended for dismissal, Plaintiffs have failed to respond. For the reasons set forth below, the undersigned RECOMMENDS that Plaintiffs' complaint be dismissed with prejudice.

## II. BACKGROUND

Plaintiffs filed this action in April 2014, and the Court set a scheduling conference for August 5, 2014, and a Case Management Conference ("CMC") for June 10, 2014. On June 9, 2014, as no executed proofs of service had been filed and no Defendant had responded to the complaint, the CMC was continued to July 8, 2014. (Doc. 5.) On July 3, 2014, the CMC was

again continued because no Defendant had responded to the complaint and no executed summonses were filed by Plaintiffs.

On July 23, 2014, the Court again continued the CMC because no Defendant had appeared; the CMC was consolidated with the scheduling conference and both were reset to October 21, 2014. Plaintiffs were ordered to file a proof of service of the complaint on or before August 29, 2014. Plaintiffs did not comply with this order.

On October 8, 2014, the scheduling conference and CMC were vacated. (Doc. 9.) The Court issued an order to show cause why the action should not be recommended for dismissal based on Plaintiffs' failure to prosecute and for failure to comply with the Court's July 23, 2014, order. Plaintiffs were required to respond to the order to show cause by October 20, 2014, but they failed to file a response before that deadline.

On October 22, 2014, Plaintiffs filed a request for additional time to respond to the Court's order to show cause. (Doc. 11.) Plaintiffs indicated their attorney was involved in a criminal trial in Stanislaus County, and additional time was necessary to prepare a statement in response. Plaintiffs indicated a response would be filed by no later than November 13, 2014. Therefore, the Court permitted Plaintiffs to file a response by no later than November 13, 2014.

On November 17, 2014, Plaintiffs filed another request for additional time to respond to the order to show cause indicating that their counsel's criminal trial was still pending and that a response could not be filed until November 26, 2014. The Court granted another extension of time until November 26, 2014, but Plaintiffs again failed to file any response to the order to show cause.

**III.   DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, dismissal of Plaintiffs' complaint is appropriate. In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). Plaintiffs failed to file proofs of service of the complaint, and have not responded to the Court's order to show cause. Thus, Plaintiffs have demonstrated a failure to prosecute and a failure to comply with the Court's orders. This case has been pending for approximately eight months with no service of the complaint or other action by Plaintiffs – this inaction does not further the public's interest in expeditious resolution of litigation.

The second factor, the Court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually

proceeding." *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI -JLT, 2010 WL 2629039, at *1 (E.D. Cal. June 25, 2010). In an effort to prompt Plaintiffs to attend to their lawsuit, the Court has issued multiple orders and continued several case management conferences. Plaintiffs' lack of diligence in pursuing their case has drained resources from the Court that could be expended on other litigants who are actually pursuing their cases. This factor favors dismissal.

As for the third factor, the risk of prejudice, the fact that a lawsuit is pending against a defendant who has not yet been ordered to respond "is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991. However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642. As such, any risk of prejudice to Defendants also weighs in favor of dismissal.

The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal. *Id*. at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (citation omitted). As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

Regarding the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal." *Id*. at 1229 (citations omitted). Here, Plaintiffs were expressly warned that a recommendation for dismissal would result from noncompliance with the Court's order. (Docs. 10, 12, 14.) Because it appears Plaintiffs have no interest in

4

pursuing their case or complying with the Court's orders, monetary sanctions would most likely be insufficient to prompt them to act.  Dismissal of the case is appropriate.

## IV.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' complaint be dismissed with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within seven (7) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 10, 2014**               /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE